PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID C. LETTIERI, ) | |
| ) | CASE NO. 4:23 CV 01661 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| FOUR IN ONE, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*Pro se* plaintiff David C. Lettieri filed this *in forma pauperis* action against Four In One. (ECF No. 1). Accompanying the complaint is Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), which the Court grants by separate order. Plaintiff has also filed a motion for transfer, which is denied as moot.

Plaintiff's complaint purportedly concerns a food item available at the Northeast Ohio Correctional Center ("NEOCC"), where Plaintiff was incarcerated at the time he filed the complaint, and the Niagara County Jail, where he was later incarcerated. According to the complaint, the package of Salad Fresh Four In One Mustard, allegedly produced by Defendant, does not contain nutritional facts on its label. Plaintiff lists the ingredients of the mustard, which include distilled vinegar, water, mustard seed, salt, turmeric paprika, spices, and flavoring. Plaintiff also states the following that he believes that mustard seed is a carbohydrate; he knows salt is sodium; he does not know what turmeric is; he does not know what spices are in the

(4:23CV01661)

package; and he does not know what flavoring is in the package. *See* ECF No. 1 at PageID#: 1. Plaintiff states that he has not been able to conduct research on the matter due to his incarceration. ECF No. 1 at PageID#: 1

Plaintiff alleges nine causes of action under Ohio or New York state law, including administrative negligence, a violation of New York business law, invisible harm caused by separate tortfeasors, breach of a duty of care, breach of an implied contract, false advertising under New York law, alternative liability, unfair or deceptive consumer sales practices violation under Ohio law, and "unconscuibavke acts ir oractuce generally," under Ohio law. ECF No. 1 at PageID #: 4. Plaintiff requests $50,000 in damages for each cause of action.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In any civil action, a pleading must contain a "short and plain

2

(4:23CV01661)

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff has not alleged sufficient facts to demonstrate the Court's subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

3

(4:23CV01661)

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Diversity of citizenship is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Federal question jurisdiction arises when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. Diversity jurisdiction is available only if the amount in controversy exceeds $75,000. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Both diversity of citizenship and the jurisdictional amount must be satisfied to establish diversity jurisdiction. Although Plaintiff's total demand appears to exceed $75,000, Plaintiff does not allege any facts that remotely suggest he suffered $75,000.00 in damages from not knowing what the ingredients are in a package of mustard made by Defendant and apparently made available for purchase at NEOCC and the Niagara County Jail. The amount in controversy alleged in the complaint generally will suffice to establish federal court jurisdiction unless it

4

(4:23CV01661)

appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *See* [Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir.1990)](). Here, Plaintiff provides no basis for his demand. None of the facts alleged in the complaint suggest that he suffered an injury. Plaintiff does not even allege that he purchased or consumed the product in question. He simply claims lack of knowledge of its nutritional facts. It is apparent that Plaintiff cannot in good faith claim the jurisdictional amount.

Therefore, if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. [Mikulski v. Centerior Energy Corp., 501 F.3d 555, 560 (6th Cir. 2007)](). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. [Ohio ex rel. Skaggs v. Brunner, 549 F.3d 468, 475 (6th Cir.2008)](). In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See* [Mikulski, 501 F.3d at 560](); [City of Warren v. City of Detroit, 495 F.3d 282, 286 (6th Cir. 2007)]().

Here, Plaintiff is proceeding *pro se* and therefore enjoys the benefit of a liberal construction of his pleadings. [Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999)](). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to

5

(4:23CV01661)

encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case and none is apparent from the face of the complaint. Plaintiff's causes of action are based on state law. Jurisdiction cannot, therefore, be based on a federal question.

Accordingly, the Court hereby dismisses this action pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


    IT IS SO ORDERED.


November 30, 2023             */s/ Benita Y. Pearson*
Date                              Benita Y. Pearson
                                       United States District Judge